## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2018, 7:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Emilee L. Stotts<br>Marion, Indiana | Curtis T. Hill, Jr.<br>Attorney General<br><br>Evan Matthew Comer<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Keith Delagrange,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 27, 2018<br><br>Court of Appeals Case No.<br>35A02-1712-CR-2957<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jennifer E.<br>Newton, Judge<br><br>Trial Court Cause No.<br>35D01-1705-F3-104 |

**Crone, Judge.**

# Case Summary

[1] Andrew Keith Delagrange appeals the twelve-year sentence imposed by the trial court following his guilty plea to one count of level 4 felony dealing in a narcotic drug and two counts of level 5 felony dealing in a narcotic drug. He asserts that his sentence is inappropriate in light of the nature of the offenses and his character. Concluding that Delagrange has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2] On November 4, 2016, Delagrange sold 1.49 grams of hydromorphone, a schedule II narcotic drug, to a confidential informant working for the Huntington City Police Department. The following day, Delagrange sold .08 grams of hydromorphone and .4 grams of heroin, a schedule I narcotic drug, to a confidential informant working for the Huntington City Police Department. These sales took place near a public park where children were present. Delagrange was arrested and charged with one count of level 3 felony dealing in a narcotic drug and two counts of level 5 felony dealing in a narcotic drug. The State later amended the charging information to add one count of level 4 felony dealing in a narcotic drug. The State subsequently dismissed the level 3 felony count.[1]

---

[1] The level 3 felony count was voluntarily dismissed by the State because the State realized that although Delagrange sold drugs within 500 feet of a park while children were present, he was not technically within 500 feet of what is considered a "public" area of that particular park. Tr. Vol. 2 at 48; Ind. Code § 35-48-4-1(d)(2) (providing that offense of dealing in a narcotic drug is a level 3 felony if amount of drug is at least one

[3]     Delagrange pled guilty to the level 4 felony count and the level 5 felony counts, and the trial court held a sentencing hearing on December 12, 2017. The trial court sentenced Delagrange to twelve years, with two years suspended to probation, for the level 4 felony, and six years executed for each of the level 5 felonies. All sentences were ordered served concurrently, for an aggregate sentence of twelve years, and a total executed sentence of ten years. This appeal ensued.

## Discussion and Decision

[4]     Delagrange claims that his sentence is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day

---

gram but less than five grams and "an enhancing circumstance applies."); Ind. Code § 35-48-1-16.5 ("Enhancing circumstance" includes "in, on, or within five hundred feet of: … (ii) a public park while a person under eighteen (18) years of age was reasonably expected to be present.").

turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224.

[5] We consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 4 felony is between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. The sentencing range for a level 5 felony is between one and six years, with the advisory sentence being three years. The trial court here imposed the maximum twelve-year sentence, with two years suspended to probation, for the level 4 felony, and the maximum six-year executed sentence for each of the level 5 felonies. All sentences were ordered served concurrently, for an aggregate sentence of twelve years, and a total executed sentence of ten years.

[7]     Delagrange argues that imposition of the maximum sentence on each count was inappropriate because there was nothing egregious about his offenses, as he simply delivered small amounts of hydromorphone and heroin to a confidential informant on back-to-back days. First, we are not persuaded by Delagrange's attempts to minimize the seriousness of his repetitive drug-dealing behavior. More significantly, contrary to Delagrange's assertion, he did not receive the maximum penalty authorized by statute. The trial court not only ordered the sentences to run concurrently, but it also ordered two years of the level 4 felony sentence suspended to probation, which indicates that the court reflected on his specific crimes and tailored his executed sentence accordingly. We remind Delagrange that the question is not whether another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *See Fonner*, 876 N.E.2d at 344.

[8]     Regardless, we need look no further than Delagrange's character to justify the sentence imposed. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*. Twenty-five-year-old Delagrange has a juvenile criminal history as well as an extensive adult criminal history. His adult history consists of five felony convictions and two misdemeanor convictions. In addition, during the short period of his adulthood, he has been charged with countless misdemeanor drug offenses. Regarding his convictions, he has been granted the leniency of probation on multiple occasions only to violate that probation and have it revoked no less than eight times.

[9]     Delagrange is an admitted opioid addict who states that he sells drugs to feed his own addiction. The record indicates that he was selling the same drugs he has "overdosed [on] multiple times"[2] in an area near where children were present. Tr. Vol. 2 at 51. We agree with the trial court that this behavior makes him a "danger to society." *Id.* Delagrange's refusal to address his addiction issues and to alter his criminal behavior reflects very poorly on his character. Under the circumstances, he has not convinced us that his twelve-year aggregate sentence, with two years suspended to probation, is inappropriate in light of the nature of the offenses or his character. The sentence imposed by the trial court is affirmed.

[10]    Affirmed.

Bailey, J., and Brown, J., concur.

---

[2] Delagrange testified that he has overdosed seventeen times in recent years, and on one occasion he was "dead for seven (7) minutes" before being resuscitated. Tr. Vol. 2 at 40. He stated that he then spent ninety-two days in the hospital and had to undergo physical therapy to "learn how to walk again." *Id.* He stated that upon his release from the hospital, he simply "shot drugs again" because "nothing clicked" with him regarding his addiction. *Id.*